COHEN v. SIMON et al.

(City Court of New York, General Term. January 3, 1901.)

APPEAL—REVIEW—DIRECTION OF VERDICT—EXCEPTIONS.

Where defendants excepted to the direction of a verdict against them, and to the various rulings after objections duly raised on questions propounded, they are entitled to a review, as a question of law, on the exceptions taken by them, under Code, § 996, though they made no motion for leave to go to the jury, nor for a new trial on the minutes.

Appeal from trial term.

Action by one Cohen against one Simon and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before O'DWYER and HASCALL, JJ.

L. J. Morrison, for appellants.
William Stuart, for respondent.

HASCALL, J. No motion for leave to go to the jury, nor for a new trial upon the minutes, was made by the defendants; but they did except to the direction of a verdict against them, and to the various rulings made by the trial term after objection duly raised on questions propounded, and the papers therefore bring up the right of review, as a question of law, upon the exceptions taken by them. Code § 996. The defendants properly pleaded a good defense in fact and law,—an adjudication in bankruptcy; and a number of questions to witnesses at the trial, tending to lay a foundation for introduction of the best evidence to substantiate such defense, were objected to, ruled out, and exceptions duly taken. Most of these objections were well made, but we find that the papers on appeal carry a sufficient weight of competent testimony proffered by appellants, but ruled out, to justify the assertion of error below. It seems to us that the appellants were not given an entirely fair opportunity for making their proofs and completing their right to introduce documentary evidence, that they ought to be allowed it by a second trial, and that they are duly protected by the record made below.

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellants to abide the event.

O'DWYER, J., concurs.